UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DANTE A. TALLON,

                          Petitioner,

v.                                                   9:18-CV-0904
                                                            (TJM)
ROBERT G. MAIN, JR., Judge, County Court,
County of Franklin; JEROME J. RICHARDS,
Judge, County Court, County of St. Lawrence,

                          Respondent.

---

APPEARANCES:                                        OF COUNSEL:

DANTE A. TALLON
Petitioner, pro se
15-A-2822
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

## I.    INTRODUCTION

On August 2, 2018, petitioner filed a petition for a writ of audita querela pursuant to 28

U.S.C. § 1651, as well as numerous state court records. Dkt. No. 1, Petition ("Pet."); Dkt.

No. 1-1, State Court Records ("SCR"). Petitioner also paid the statutory filing fee. Dkt. No.

2; Dkt. Entry dated 08/06/18 (showing receipt number for paid filing fee).

Pursuant to a Decision and Order dated August 14, 2018, this Court notified petitioner

that – because his section 1651 petition actually challenged the legality of his underlying

state court conviction – the petition was going to be converted to a section 2254 petition

unless petitioner voluntarily withdrew it.  Dkt. No. 3, Decision and Order, at 4-6, 8-9.  If petitioner wished to proceed with his petition pursuant to section 2254, the Court directed petitioner to file an amended petition in which he must specifically detail the steps he took to exhaust his state court remedies.  *Id.* at 6-9.

On September 10, 2018, petitioner filed a motion to withdraw his petition.  Dkt. No. 4.  The following day, the Court granted the motion and dismissed the petition without prejudice.  Dkt. No. 5, Text Order dated 09/11/18.  The case was closed.

Presently before the Court is petitioner's motion for declaratory judgment.  Dkt. No. 6.  For the reasons stated below, petitioner's motion is denied.  The Clerk is directed to file a new action and the petitioner is directed to submit an amended petition along with either a properly completed application to proceed *in forma pauperis* ("IFP Application") or payment of the statutory filing fee.

## II.     MOTION FOR DECLARATORY JUDGMENT

On November 2, 2018, petitioner filed a motion for declaratory judgment using his original petition's case number.  Dkt. No. 6.  In the motion, petitioner seeks "declaratory judgment in accordance to Title 28 of the United States Code Section 2201 and Rule 57 of the Federal Rules of Civil Procedure . . . to determine and resolve the merits of petitioner's factual dispute submitted . . . between the petitioner . . . and Robert G. Main . . . Judge of the County Court . . . of Franklin[.]" Dkt. No. 6-1, Petitioner's Affidavit in Support of the Motion for Declaratory Judgment ("Pet. Aff."), at 2.  Ultimately, "petitioner contends that [the] Judge . . . [wa]s not constitutionally authorized nor legislatively empowered to act in the capacity of either an Acting Judge of the Supreme Court or . . . [the] Superior Court . . . ."  *Id.* at 2-3.

2

Petitioner explained in his affidavit that he attempted to vacate his criminal conviction and his motion was denied. *Id.* at 4-5. Petitioner contends that this was in error because the state court judge lacked jurisdiction over petitioner and "a judgment without subject matter jurisdiction is void . . . ." *Id.* at 7-8. For a more complete statement of petitioner's claims, reference is made to the motion papers.

### III. DISCUSSION

Petitioner was provided with the opportunity to file an amended petition or withdraw his petition. Decision and Order at 8-9. Petitioner chose to withdraw the petition. Dkt. Nos. 4, 5. Accordingly, the action was properly closed.

Petitioner never filed a motion to reopen the action. Instead, he has filed the present motion which, although presented as a motion for declaratory judgment, again argues the merits of the state court's authority to impose his underlying criminal conviction.

> The Supreme Court has stated that, where special statutory proceedings have been provided, declaratory relief should not be granted. *Katzenbach v. McClung*, 379 U.S. 294, 296 (1964). Sections 2241 and 2255 of Title 28 U.S.C. are special statutory provisions that empower a prisoner in custody to attack collaterally his conviction, sentence, and incarceration. Consequently, this Court is of the opinion that it should not exercise jurisdiction over a declaratory judgment action raising questions regarding the validity of a conviction.

*Clausell v. Turner*, 295 F.Supp. 533, 536 (S.D.N.Y. 1969); *see also Griffin v. Alexander*, No. 9:09-CV-1334 (TJM/DEP), 2011 WL 4402119, at *7 (N.D.N.Y. Aug. 25, 2011) ("When a prison inmate seeks to challenge the fact or duration of his imprisonment, the 'sole federal remedy is a writ of habeas corpus.'") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973)); *Channer v. Mitchell*, 43 F.3d 786, 787 (2d Cir. 1994) (explaining that the Supreme Court's

3

holding in *Preiser* limited an inmate's ability to "challenge the fact or duration of his imprisonment" to the filing of a habeas corpus petition because such petitions were "the sole federal remedy where a state prisoner . . . s[ought equitable relief through] immediate or early release.").

Petitioner is once again challenging the state court's jurisdiction. Accordingly, contemplating relief pursuant to a declaratory judgment is improper and petitioner's motion is denied. Further, petitioner's motion is again most properly categorized as a habeas petition pursuant to section 2254. Petitioner filed the document in a closed case, where he formerly had the opportunity to amend but chose to withdraw the petition instead. Therefore, the best course of action is to treat the submission, liberally construed as a habeas petition, as an initial filing in a new action.

The Court reminds petitioner that, for the reasons previously discussed in the Court's Decision and Order, an application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court. Decision and Order at 6-8. Further, the present motion papers focus solely on the state court's jurisdiction and seem to exclude some of the other arguments proffered in petitioner's original petition. *Id.* at 4 (noting that petitioner challenged the state court's jurisdiction in addition to the sufficiency of the evidence upon which he was convicted and the effectiveness of his counsel). According, the Court concludes that amendment of the petition is required.

Local Rule 7.1 requires that a petitioner seeking to amend attach a complete proposed amended petition that raises both the claims now raised in his pending petition and the new claim(s) that petitioner wants to add. See N.D.N.Y. L.R. 7.1(a)(4) ("A party moving to amend a pleading pursuant to Fed. R. Civ. P. 14, 15, 19-22 must attach an unsigned copy

4

of the proposed amended pleading to its motion papers.  Except if the Court otherwise orders, the proposed amended pleading must be a complete pleading, which will supercede the original pleading in all respects.  A party shall not incorporate any portion of its prior pleading into the proposed amended pleading by reference.").  Any proposed amended petition must also fully satisfy Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts, which provides:

> (c) Form. The petition must:
>
> > (1) specify all the grounds for relief available to the petitioner;
> > (2) state the facts supporting each ground;
> > (3) state the relief requested;
> > (4) be printed, typewritten, or legibly handwritten, and
> > (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Rule 2(c), Rules Governing Section 2254 Cases in the United States District Courts.

In light of petitioner's pro se status, he will be given an opportunity to amend his petition to address the above-noted deficiencies.  Petitioner is reminded that to properly commence a habeas corpus action, he must either (1) pay the Court's filing fee of five dollars ($5.00), or (2) submit an IFP application that is certified or signed by an appropriate prison official "showing the amount of money or securities that the petitioner has in any account in the institution."  Habeas Rule 3(a)(1)-(2). The Clerk is directed to provide petitioner with both a blank IFP application and section 2254 petition.  If petitioner fails to properly commence the action or file an amended petition, this action will be dismissed without further order from the Court.  Habeas Rule 4.

## IV. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner's motion for declaratory judgment (Dkt. No. 6) is **DENIED**. Further, because petitioner's present motion is actually a habeas petition, the Clerk is directed to open a new case and file petitioner's submission and this Decision and Order in that new case; and it is further

**ORDERED** that if petitioner wants to pursue this action, he must so notify the Court **WITHIN THIRTY (30) DAYS** of the filing date of this Order and **either**: (1) pay the court's filing fee of five dollars ($5.00); or (2) submit a completed and signed IFP application that has been certified by an appropriate prison official at his facility. The Clerk is directed to serve petitioner with a blank IFP Application for that purpose; and it is further

**ORDERED** that petitioner must file an amended petition within thirty (30) days of the filing date of this Decision and Order. The Clerk is directed to provide petitioner with a blank § 2254 habeas petition for that purpose. Petitioner shall fully complete every part of the blank petition. **Petitioner must clearly state the grounds upon which the petition is based, and the specific facts supporting each ground.** The amended petition must also set forth information demonstrating that each claim has been properly exhausted, including the date(s) upon which he filed any state court proceedings in which he challenged the judgment of conviction at issue, the name and location of the court(s) in which he filed each application, the grounds raised, and the date(s) upon which the court(s) denied each application.

Petitioner **shall not** incorporate any portion of his prior petition into his amended petition by reference. He must include all relevant information in the amended petition and shall submit only one amended petition in accordance with the terms of this Decision and Order; and it is further

**ORDERED** that, if petitioner does not properly commence said action or file an amended petition within thirty (30) days of the filing date of this Decision and Order, the Clerk shall enter judgment dismissing this action without further order; and it is further

**ORDERED** that, upon the filing of any amended petition, the Clerk shall forward the file in this matter to the Court for further review; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on petitioner in accordance with the Local Rules.

Dated: November 7, 2018

_____
Thomas J. McAvoy
Senior, U.S. District Judge